IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 17-cr-00157-RM

UNITED STATES OF AMERICA

    Plaintiff,

v.

PAXTON L. DANIELS

    Defendant.

## ORDER OF DETENTION

THIS MATTER came before the Court for a detention hearing on June 2, 2017. Present were the following: Timothy Edmonds, Assistant United States Attorney, Timothy O'Hara, counsel for the defendant, and the defendant. The Court carefully considered the [Pretrial Services Report] [entire court file] and the comments of counsel.

The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant, based upon the attached findings.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 2nd day of June, 2017.

                By the Court:

                s/Craig B. Shaffer
                Craig B. Shaffer
                United States Magistrate Judge

United States v. Paxton L. Daniels
Case Number 17-cr-00157-RM

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information provided by Pretrial Service and contained in the court file, and have considered the comments of counsel during the detention hearing on June 2, 2017. I specifically note that defense counsel indicated his client was not contesting the government's request for detention.

First, te defendant has been charged under 18 U.S.C. §§ 922(g)(1) [possession of a

firearm as a prohibited person].  The grand jury has found probable cause to believe the charged offense was committed by the defendant.

I also note the defendant's current status.  Pretrial Services indicates the defendant pled guilty in June 2014 to felony identity theft.  The defendant received a sentence of six years in the custody of the Colorado Department of Correction.  Although the defendant has an estimated parole eligibility date of October 11, 2017, Pretrial Services advises that the defendant's state parole officer intends to issue a parole hold on the defendant.

In light of the foregoing information and the defendant's current status of incarceration, defense counsel informed this court that his client was not challenging the government's request for pretrial detention in this matter.  Accordingly, I find, by a preponderance of the evidence, that no condition or combination of conditions for release will reasonably assure the defendant's appearance for future proceedings in this case.