IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 17-cr-00157-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**PAXTON L. DANIELS,**

    Defendant.

---

**DEFENDANT'S PLEA OF GUILTY AND STATEMENT OF FACTS RELEVANT TO SENTENCING (WITHOUT PLEA AGREEMENT)**

---

Defendant, Paxton L. Daniels, personally and by counsel, Timothy P. O'Hara, submits this Plea of Guilty and Statement of Facts Relevant to Sentencing:

### I. PLEA OF GUILTY

The Defendant intends to plead guilty to the Indictment which charges him with a violation of 18 U.S.C. §922(g)(1), **without a plea agreement.**

### II. ELEMENTS OF THE OFFENSE

Mr. Daniels submits that the elements of 18 U.S.C. §922(g)(1) are as follows:

*First*: Mr. Daniels knowingly possessed a firearm as charged in the Indictment.

*Second*: Mr. Daniels was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm.

*Third*: Before Mr. Daniels possessed the firearm, the firearm had moved at some time from one state to another.

Court's Exhibit

1

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. 10th Cir. Pattern J.I. §2.44.

**The United States advises that it agrees (x), disagrees ( ), or takes no position ( ). [Check or provide appropriate response].**

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than three years of supervised release; and a $100 special assessment fee.

A violation of the conditions of probation or supervised release may result in a separate prison sentence and additional supervision.

**The United States advises that it agrees (x), disagrees ( ), or takes no position ( ). [Check or provide appropriate response].**

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. FACTUAL BASIS TO SUPPORT THE PLEA OF GUILTY

Mr. Daniels admits to the following facts:

On or about March 12, 2017, Colorado Springs Police Department (CSPD) dispatch received a call from a man (D.F.) who was located at the 1400 block of Potter Drive in Colorado

2

Springs, Colorado, and was requesting police assistance. Sergeant Bauer of the Colorado Springs Police Department was dispatched to D.F.'s location.

When Sgt. Bauer arrived, he observed a red Dodge Avenger on scene. A records check on the vehicle's license plate revealed that Paxton Daniels was the registered owner of the vehicle. At that time, Sgt. Bauer illuminated the Dodge with the spotlight mounted on his patrol car. The driver of the red sedan, later identified as Mr. Daniels, pulled away. Sgt. Bauer pursued the Dodge, activated his emergency lights, and conducted a legitimate traffic stop of the vehicle. With the spotlight still illuminated, Sgt. Bauer could see Mr. Daniels lean forward in the driver's seat, then reach back toward the rear passenger area as if to move items around, and then return to a normal position in the driver's seat.

At this point, Sgt. Bauer exited his patrol vehicle and approached the Dodge. As he did so, Mr. Daniels opened the driver's door and began to exit the vehicle. Sgt. Bauer ordered Mr. Daniels back inside the car, and Mr. Daniels complied, leaving the driver's door open. Sgt. Bauer asked Mr. Daniels for his driver's license, which identified him as Paxton L. Daniels. Another officer who had arrived on scene sometime after Sgt. Bauer noted a holster in plain view on the floor in front of the driver's seat and notified Sgt. Bauer of what he saw. Sgt. Bauer ultimately asked Mr. Daniels to get out of the vehicle, and Mr. Daniels was detained.

Officers on scene later conducted a legal search of Mr. Daniels' vehicle. Behind the collapsible armrest inside of the back passenger seat, i.e. a pass-through to the trunk of the vehicle, officers found a loaded Fabrique Nationale D-Armes De Guerre 9 mm pistol bearing serial number 65947.

Mr. Daniels was transported to the CSPD Sand Creek Police substation, where he was questioned by ATF Special Agent Chris Haas after being advised of his Miranda right, waiving

3

them, and agreeing to speak to SA Haas. During this interview, Mr. Daniels admitted that he knew the firearm was inside of the vehicle, stating that it belonged to a friend who had borrowed his car to go shooting the day before and the friend had forgotten to remove the firearm when he returned the vehicle to Mr. Daniels. Subsequent investigation revealed that the firearm had been stolen.

The firearm found in Mr. Daniels' possession functioned as designed and was not manufactured in the state of Colorado, and therefore traveled in interstate or foreign commerce prior to being found in Mr. Daniels' possession.

**The United States advises that it agrees (x), disagrees ( ), or takes no position ( ) with the facts stated herein. [Check or provide appropriate response]. The United States, however, would like the Court to consider additional facts in sentencing Mr. Daniels.**

## VI. <u>SENTENCING COMPUTATION</u>

Defendant understands that sentencing is determined pursuant to 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, defendant sets forth below his/her estimate of the advisory guideline range called for by the United States Sentencing Guidelines.

Defendant estimates the advisory guidelines apply as follows:

A. The applicable guideline is § 2K2.1(a)(6), with a base offense level of **14**.

B. Mr. Daniels should receive a **two-level** increase pursuant to §2K2.1(b)(4)(A) because the firearm was stolen.

C. There are no victim-related, role-in-offense, obstruction, multiple-count, and/or other Chapter III adjustments that apply.

D. The adjusted offense level would be **16**.

E. Mr. Daniels should receive a **three-level** downward adjustment for acceptance of responsibility. The resulting total offense level therefore would be **13**.

F. Defendant's criminal history category is estimated as Category **VI**.

G. Assuming the accuracy of the criminal history estimate, the Career Offender guideline and the Armed Career Criminal statute do not apply.

H. The advisory guideline range of imprisonment resulting from an offense level of **13** and a criminal history category of **VI** is **33-41** months. In order to be as accurate as possible, with the criminal history category undetermined at this time, the range could conceivably extend from as low as **12** months (bottom of Category I) to as high as **41** months (top of Category VI).

I. Pursuant to guideline § 5E1.2, the fine range for this offense would be **$5,500** to **$55,000**, plus applicable interest and penalties.

J. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not less than one year and not more than three years.

K. There is no restitution in this case.

**The United States advises that it agrees (x), disagrees ( ), or takes no position ( ).** **[Check or provide appropriate response].**

Mr. Daniels understands that although the Court will consider the above estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by any estimate calculated herein, regardless of whether agreed to by the government.

5

No estimate regarding the guideline range precludes Mr. Daniels or the government from asking the Court, within the overall context of the guidelines, to depart from the guideline range at sentencing if Mr. Daniels or the government believes a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate regarding the guideline range precludes Mr. Daniels or the government from asking the Court to vary from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

Mr. Daniels understands the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose a sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range - up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party.

Date: 9/1/17        _____
                    PAXTON L. DANIELS
                    Defendant

Date: 9/1/17        _____
                    TIMOTHY P. O'HARA
                    Attorney for Defendant

**As to matters agreed to by the United States:**

Date:  9/1/17                    _____
                                 TIMOTHY D. EDMONDS
                                 Assistant U.S. Attorney