CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. PAXTON L. DANIELS					DKT. NO. 1:17CR00157-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Michael Bohlen, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Paxton L. Daniels, who was placed on supervision by the Honorable Raymond P. Moore, sitting in the United States District Court in Denver, Colorado, on November 20, 2017.  The defendant was sentenced to 33 months imprisonment and three (3) years' supervised release for an offense of Prohibited Person in Possession of a Firearm, 18 U.S.C. § 922(g)(1).  Supervision commenced on August 12, 2020, and is set to expire on August 11, 2023.  As noted in the judgment [Document 37], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

**1. POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 7, 2023, the defendant used or administered a controlled substance, marijuana and methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On February 7, 2023, the defendant reported to the Colorado Springs probation office to submit a random urinalysis as directed.  During the office appointment, the defendant was unable to provide a drug test sample, but he self-admitted to recent marijuana and methamphetamine use.  He signed a self-admission form and reported he had relapsed within the last two months.  The defendant admitted to using methamphetamine a couple of times per week.  Based upon his relapse, he was referred back to treatment services.

**2. POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 13, 2023, the defendant used or administered a controlled substance, marijuana and amphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On February 13, 2023, the defendant submitted a random urinalysis at Recovery Unlimited, the federally contracted treatment provider, in Colorado Springs.  The test results were positive for amphetamine and marijuana.  On March 8, 2023, during a

Case No. 1:17-cr-00157-RM   Document 42   filed 05/23/23   USDC Colorado   pg 2 of 3

Paxton L. Daniels  
1:17CR00157-1

Petition for Warrant on Person Under Supervision  
Page 2

May 23, 2023

community contact, the defendant reported he had not used methamphetamine since his last office appointment on February 7, 2023.

### 3. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about March 3, 2023, the defendant used or administered a controlled substance, amphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On March 3, 2023, the defendant submitted a random urinalysis at Recovery Unlimited, the federally contracted treatment provider, in Colorado Springs.  The test results were positive for amphetamine.  On March 8, 2023, during a community contact, the defendant reported he had not used methamphetamine since his last office appointment on February 7, 2023.

### 4. FAILURE TO PARTICIPATE IN (SUBSTANCE ABUSE OR MENTAL HEALTH) TREATMENT AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to keep counseling appointments at Recovery Unlimited, the testing and treatment program in which the probation officer directed him to participate on February 22, March 28, April 18, May 9, May 16, 2023.  This constitutes a Grade C violation of supervised release.

### 5. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to provide urine samples at Recovery Unlimited, the testing and treatment program in which the probation officer directed him to participate, on February 28, April 7, and April 20, 2023.  This constitutes a Grade C violation of supervised release.

Additionally, the defendant provided a urine sample on April 25, 2023.  The lab determined that this sample was substituted, and it was not consistent with normal human urine.

### 6. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about May 8, 2023, the defendant used or administered a controlled substance, marijuana and amphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On May 8, 2023, the defendant submitted a random urinalysis at Recovery Unlimited, the federally contracted treatment provider, in Colorado Springs.  The test results were positive for marijuana and amphetamine.  On May 18, 2023, during a phone conversation, the defendant denied any recent drug use.  This test has been sent for further confirmation and the results are pending.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

**/s/Michael Bohlen**
  Michael Bohlen
  United States Probation Officer
  Place:   Colorado Springs
  Date:    May 23, 2023

**/s/Travis L Cormaney**
  Travis L. Cormaney
  Supervisory United States Probation Officer
  Place:   Colorado Springs
  Date:    May 23, 2023

### PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is two years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category VI, thus the advisory guideline range for revocation is 8 to 14 months.

### STATEMENT IN SUPPORT OF RELEASE AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings. Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of danger to the community. As noted, the defendant has continued to violate his supervised release conditions. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.